and James Parks. Ms. Bluth, you have three minutes, you can begin whenever you're ready. Thank you, Your Honor. May it please the Court. In its bail decision below, the District Court relied mainly on the fact that it found our clients were flight risks. It does not touch danger. It concedes substantial question. In terms of flight risk, Judge Villardo said essentially someone facing a lengthy sentence, as our clients do, would have a motive to flee. But he did not account for the fact that when our clients were arrested in 2017 in Tennessee and charged there, that they made every court appearance in Tennessee despite living in Niagara Falls, New York. That was then adopted by the U.S. Attorney's Office in 2019. And two judges and three different magistrate judges in three different decisions all felt that our clients, even though they knew they would be investigated for the homicide, still continued to abide by the conditions of their release. But doesn't calculus change potentially when they're convicted? It does. It switches. And they're facing 20, 30 years respectively, right? It does, Judge. It switches the burden onto us. But one thing that... It also raises the potential incentive to flee, right? Because the possibility of being acquitted is no longer there. I mean, you can still try to get a reversal on appeal, but it creates a higher risk. That's why the burden switches, right? It does. But what we wanted Judge Velardo to do and what he didn't do is we wanted him to reconcile his finding post-conviction on flight with the fact that he had previously released my client in 2022 and made a specific finding that we had rebutted any dangerous finding or flight risk finding at that time. And so even though there is a higher burden and it's our burden now post-conviction, there are no facts that the Court pointed to that would indicate that our clients are flight risks. They have essentially established... But why isn't the conviction the fact? I mean, you've said that you can infer from a serious conviction that somebody might be a flight risk. I'm sorry. I couldn't hear you, Judge. Why isn't the conviction the different fact? Like, why isn't that just the change? Because under 3143, there's no strict liability. In other words, just because somebody's convicted doesn't mean that they're not entitled to bail. 3143 certainly allows for bail just by convictions, and it requires the district court to go through each of the elements of 3143 in order to... So you're saying if the district court said something like just because it's a conviction, ipso facto, the person is a flight risk, that would be a problem? Yes. But do you think that's what the district court did here? I do. Didn't take account of the details? Did not. Okay. All right. Thank you. Thank you. I'm sorry. Can I just ask one question that's not really relevant to the merits? On page 6 of your brief, you quote a case, Abu Hamra, and say – you quote it as saying, past performance under supervision is the most probative indicator of future compliance. And the government points out that that language does not appear on the site. It is not a quote, Judge, no. It does not appear anywhere. That was absolutely an error. We apologize for that in our reply. That was my argument, that his past compliance while on release from 17 to 19 and then again from 22 to 23 shows that he wasn't a flight risk. So it's just an editing error?   Absolutely. Thank you. Mr. Eldridge? Mr. Donahue. Oh, I'm sorry. I'm sorry. Mr. Donahue, thank you. Good morning, Your Honors. May it please the Court, Barry Donahue for James Parks. Your Honors, I'd like to address dangerousness this morning with respect to James Parks. He demonstrated a lack thereof. He had near-perfect conduct on release to the extent that there was anything on release that was not perfect. It did not alter his conditions of release, and it didn't cause the release to be revoked, and they had nothing to do with violence. He had a work history, worked all the way through the case, through the trial, military history. He's a career military person with Army commendation and meritorious service medals. He had no criminal history. He's 62 years old, almost as old as me, and he had basically a life of no crime, no criminal history. The only counterweight to the dangerousness is the current charges, which, like the Selma, is precisely the central issue. But did the district court rely on dangerousness? I didn't think it did. Am I mistaken? So that was one of the factors found by the court, dangerousness, yes, Your Honor. Okay. That was initially, though, in the first determination. On bail pending appeal, there was a footnote that said, I'm not relying on dangerousness. I'm only relying on risk of flight, right? There were two decisions, right? There was one right after the verdict, right? Yes. And then there was a decision, bail pending appeal, where the district court only looked at risk of flight and said, I don't need to address dangerousness at this point. Okay. So to the extent that the court is not relying on dangerousness, with respect to risk of flight, I think the case law says you can't just say because of the time they're facing, which I think is what the court did here, we find risk of flight. There is no other risk of flight. There's no passport. There's no international travel. There's no reason to believe, based on pretrial release, that there would be a risk of flight. And so just going back to the de soma factor regarding the gun charge, I think the court, you could look at the government's closing argument and find the following facts are pretty much established. James Parks was not present for the shooting. James Parks did not drive the shooter to the shooting. I just want to go back to your point. You said you can't just rely on the number of years you're facing. But why isn't that a very significant factor? You said your client is how old? My client is 62. And his sentence was? 20 years. I mean, pretty much close to a life sentence for him, right? Why can't a court say that now he's been convicted and he's been sentenced, he knows he's essentially facing what amounts to a life sentence, close to a life sentence. So to the extent that you've pointed to, that he stayed out of trouble on bail, don't outweigh that. Why is that abusive discretion? So two things, Your Honor. One would be, and that's only one of the four factors. I understand. But it could be a controlling factor, right? I don't think in the absence of some other suggestion, other than the pure length of the sentence, without some other suggestion that there's a risk of flight, I don't think it's enough. All right. Thank you. All right. Now we'll hear from Mr. Eldridge. Thank you, Judge. Good morning, Your Honors, and may it please the Court, Sean Eldridge for the United States. The district court did not clearly err in finding that the father and son team of LeVon and James Parks failed to carry their substantial burdens to establish by clear and convincing evidence that they were not a flight risk, a danger, exceptional circumstances existed to avoid their otherwise mandatory detention. Following their convictions in this case for conspiring to distribute large amounts of fentanyl, cocaine, and heroin in discharging a firearm that resulted in the death of a rival drug dealer and landed them 20- and 30-year sentences, respectively, and the current bail appeal should be denied. My friends on the other side made a couple arguments that I want to respond to. One of them, essentially, Mr. Donahue argued that the district court kind of just can't say that the amount of time you're facing is a lot and leave it at that. Two things. As Judge Bianco pointed out, it's a lot more than that. To say that someone who is 61 years old and facing 20 years is certainly a factor the court can take into account. So it's a factor that the court can take into account, but if that looks so, I guess I have two questions. One is, hypothetically, if the only reason the district court thought that a defendant was a flight risk was just the conviction and facing a lengthy sentence, would that be a legal error as Ms. Bluth suggested? And second, is that what the district court did here? The latter question, no. The former question, if we were in the pretrial bail context, right, I agree that that would be error. And that's what this court — Because the burden is the opposite. Exactly right. Exactly right. Where here the burden is on the opposite side. So the presumption is detention. If the defendants came in and just said, let us out, please, they lose, right, just as if in the pre-conviction status when the government bears the burden, if we came in and just said, hey, it's a lot of time, we would lose because that's insufficient. But here it's the defendant's burden to establish by clear and convincing evidence all of those factors. The district court did not just say a lot of time and leave it. But why is it insufficient even when you have the burden? Because it doesn't really show that the person is a flight risk? So there's a decision from this court whose name escapes me right now, Judge, I'm sorry, from the 90s that says just saying it's a lot of time is insufficient and the government has to tie some other factor to it. But why doesn't that stand for the proposition that just a lot of time doesn't show if so fact that the person is a flight risk and maybe it works no matter who has the burden? So I guess, Judge, I would point to the factors in this case, which is the second part of your question. And here the district, as it relates to Mr. Donohue's client, the district court specifically said that as to his client, Mr. Parks, it was a closer call. And he weighed and noted the arguments that James Parks made about what we just heard, his military service, his employment, prior time on release. And I think the district court, in a thoughtful opinion where it said, you know, that it could not in good conscience find that they had met by clear and convincing evidence those standards. And I think that just shows the care that the district court put into making these decisions after it presided over a very long proceeding. I mean, this is a six-year proceeding, a six-week trial. There is no doubt that the district court was intimately familiar with these defendants. And I don't think anybody suggests to the contrary. But I think the district court's conscience is not really evidence. So what is the evidence besides the conviction? I don't think the word conscience – I think what the district court is saying is in good conscience is saying, I really fought this through. I wrestled with these facts, and I came to the decision based on the evidence, the facts, and the law that is correct. Right? I think that's what he's saying there. Judge Valardo said in one of the pre – in the motion argument on the speedy trial issue, right, at the pretrial conference, you know, he even said – I'm paraphrasing a bit – but said, I think about these things a lot. Right? I know that sometimes I doubt myself, so I go back and think about these things over and over to make sure that I did the right thing and I'm convinced that I did. I mean, he thinks a lot.  But what's the evidence that shows the – So what is he thinking about? Yeah, exactly. Right. Besides the length of time. Sure. So in this case here, if we break the two of them down, I mean, first, the fact that they are facing and have been sentenced to 30 and 20 years each, and the arguments that they presented in opposition to that, Mr. James Park really just the fact that he had a good record on pretrial release, that he had some prior positive factors, and the district court said that is not enough. That's not enough because it doesn't overcome the fact that he's facing a substantial sentence. Exactly right, Judge. Okay. So it is true that the evidence was the length of the sentence. I think that is undoubtedly one of the primary considerations in Judge Valardo's decision. No doubt about it. Okay. And you're saying that that's okay in the circumstances in which the defendant bears the burden. Absolutely, Judge. And there's no decision that says the contrary. You have to overcome any piece of evidence that suggests the person is a flight risk and that is a permissible piece of evidence. That's right, Judge. I mean, the cases say that detention is the norm. In fact, due to the nature of these convictions, detention is mandatory unless the defendants can overcome not just the hurdle that we've been talking about on flight risk, but all four of those hurdles in terms of dangerousness, which I think is frankly a pretty easy decision to make in terms of two people who murdered someone, the substantial issue prong and the exceptional circumstances prong. All right. Thank you. Thank you very much, Judge. Appreciate it. Have a good day. Have a good day.